IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THADDEUS DANIEL,                                    )
                                                    )
                              Petitioner,           )
                                                    )
        v.                                          )        Case No. 23-3189-JWL
                                                    )
D. HUDSON, Warden, USP-Leavenworth,                 )
                                                    )
                              Respondent.           )
                                                    )
_____)

## MEMORANDUM AND ORDER
## AND
## ORDER TO SHOW CAUSE

This matter comes before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the petition is **denied in part and remains pending in part**.  The petition is denied with respect to the claim concerning the application of earned First Step Act credit to petitioner's sentence.  The petition remains pending with respect to the claim that petitioner has been deprived of earned good time credit, although petitioner is ordered to show cause why that claim should not be denied, as set forth below.

## I.      Background

Petitioner was convicted in the Eastern District of Tennessee of the offense being a felon in possession of a firearm, and in 2013 he was sentenced to a term of imprisonment

of 211 months.  He is presently imprisoned at the federal penitentiary in Leavenworth, within this judicial district, and his projected release date is December 18, 2027.

On August 7, 2023, petitioner filed a *pro se* petition for habeas relief under Section 2241.  The Clerk of Court gave notice to petitioner that his petition was deficient because he did not use a court-approved form as required, but petitioner did not respond with respect to that issue.  The Court therefore ordered petitioner to show cause why his petition should not be dismissed on that basis; and when petitioner did not respond to that order, the Court dismissed the petition.

Petitioner subsequently moved to reopen the case, based on his representation that he had not received the show-cause order, and the Court granted the motion, reopened the case, and allowed for the filing of petitioner's amended petition (on the approved form).  In his amended petition – which refers back to and incorporates exhibits from his original petition – petitioner asserts separate claims relating to earned good time credit and earned First Step Act (FSA) credit.[1]  Respondent filed an answer, and petitioner has filed two essentially-identical pleadings in reply.

---

[1] The amended petition states that petitioner is challenging the deprivation of both good time credit and FSA credit; its asserts two grounds for relief – one relating to good time credit and one relating to FSA credit; it incorporates exhibits attached to his original petition that relate to both types of credit; and it seeks as relief both the restoration of earned good time credit and the application of earned FSA credit.  Each of petitioner's reply briefs separately addresses in two enumerated sections the good time credit and the FSA credit.

## I.    __FSA Credit__

Petitioner claims that the Bureau of Prisons (BOP) has refused to apply to his release date certain days of credit that he has earned under the FSA.  Respondent concedes that petitioner has earned 365 days of FSA credit that could be applied to his release date, as well as 225 days of FSA credit that could be applied to time in a residential reentry center.  Respondent argues, however, that petitioner is not entitled to have that credit applied to his release date because he has not been assessed to have a minimum or low risk of recidivism as required by the FSA.[2]

The FSA provides that a prisoner may earn a certain amount of time credit for completing evidence-based recidivism reduction (EBRR) programming or productive activities.  *See* 18 U.S.C. § 3632(d)(4)(A).  The statute further provides that earned credit "shall be applied toward time in prerelease custody or supervised release."  *See id.* § 3632(d)(4)(C).  That latter provision sets forth the manner in which the credit is to be applied, namely to time in prerelease custody or supervised release; but the statute must be read in conjunction with Section 3624, which explicitly limits such application of earned credit to prisoners who meet certain requirements.  *See id.* § 3624(g).[3]  For a prisoner (such

---

[2]  Respondent also argues that the credit may not be applied at this time because petitioner has not earned credit in an amount equal to the time remaining on his term.  *See* 18 U.S.C. § 3624(g)(1)(A).  Satisfaction of that requirement, however, could depend on whether petitioner succeeds on his claim seeking the restoration of certain good time credit.  Thus, the Court has not relied on this argument by respondent in denying this claim.

[3]  Petitioner argues that eligibility depends only on the conviction for which the prisoner was sentenced.  The FSA provides that a prisoner shall earn this credit unless "ineligible" under subparagraph (D), which in turn lists various offenses that make a Continued…

as petitioner) who seeks to apply credit to time in prerelease custody, one of the requirements is that either (1) the prisoner has been determined under the BOP's assessment system "to be a minimum or low risk to recidivate pursuant to the last 2 assessments of the prisoner;" or (2) the warden has approved a petition for the prisoner's transfer to prerelease custody. *See id.* § 3632(g)(1)(D)(i). Petitioner has not argued that he applied to the warden for such approval; nor does petitioner dispute that he has been assessed as a medium risk to recidivate in his most recent assessments (performed under the BOP's PATTERN assessment tool). Accordingly, under the governing statute, petitioner is not eligible to have his FSA credit applied to his time in prerelease custody.

Petitioner has not explained why this requirement of low or minimum risk assessments must not be satisfied to have his credit applied to his release date.[4] Nor has petitioner challenged the BOP's PATTERN assessments for him of a medium risk of recidivism. Petitioner does wonder in his reply briefs why Congress would allow high- or medium-risk prisoners to earn credit that cannot be applied, but as the BOP noted in the

---

prisoner "ineligible" to receive the credit. *See* 18 U.S.C. § 3632(d)(4)(A), (D). Petitioner's offense is not among those listed, and thus, as respondent has conceded, petitioner is eligible to *earn* this credit under the FSA. He does not meet the requirements for having that credit *applied* to his sentence, however.

[4] Petitioner has not cited any authority – and the Court is not aware of any such authority – suggesting that all earned credit must be applied regardless of whether the requirements of Section 3632(g) are satisfied. Moreover, even if the statute could be considered ambiguous (despite its directly addressing the issue), this interpretation by the BOP in giving effect to Section 3632(g) is reasonable and thus would be entitled to *Chevron* deference. *See Lopez v. Davis*, 531 U.S. 230, 242 (2001) (deferring to the BOP's reasonable interpretation of a statute).

grievance response attached to the petition, petitioner could still have that credit applied in the future if he is able to earn a lower risk assessment.

Finally, petitioner argues that he has a liberty interest in the FSA credit he has earned.   There is no constitutional right, however, to a reduced sentence or to be conditionally released before the expiration of a valid sentence.   *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998).   A protected liberty interest may arise from a federal statute, *see id.*, but as discussed, petitioner has not shown a violation of the FSA in this case.   Accordingly, the Court denies this claim of the petition relating to petitioner's FSA credit.

## II.      Good Time Credit

As petitioner notes in his reply briefs, respondent has not addressed petitioner's claim relating to the alleged deprivation of earned good time credit.   Nevertheless, the Court cannot grant petitioner relief on that claim because he has not shown an improper deprivation or calculation of his earned good time credit.   Petitioner merely alleges in a conclusory fashion that he has been deprived of 921 days of good time credit that he has earned (with that number increasing to 1,035 days by the time of petitioner's reply briefs), in which credit he asserts a liberty interest, but petitioner has not provided any details or explained how any such deprivation occurred.   Petitioner's figure of 921 days does not appear in the exhibits to the original petition, nor do those exhibits show that petitioner was improperly denied any good time credit.   Nor is it apparent from the petition or amended

petition that petitioner has exhausted administrative remedies with respect to his good time credit by pursing grievances with the BOP.

Accordingly, petitioner is ordered to show cause why this claim should not be denied for failure to show a violation of federal law. Petitioner should respond to this order by filing a written response, on or before **March 7, 2024**, in which he sets out the specific basis for his claim and explains why he is entitled to relief. Upon review of that response, the Court will decide whether a supplemental answer from respondent and a supplemental traverse from petitioner are required.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for a writ of habeas corpus is hereby **granted in part and remains pending in part**. The petition is denied with respect to the claim concerning the application of earned First Step Act credit to petitioner's sentence. The petition remains pending with respect to the claim that petitioner has been deprived of earned good time credit.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner is required to show cause in writing on or before **March 7, 2024**, why the remaining claim asserted in the petition should not be denied.

IT IS SO ORDERED.

Dated this 5th day of February, 2024, in Kansas City, Kansas.

 /s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6