IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THADDEUS DANIEL,                          )
                                          )
                    Petitioner,           )
                                          )
        v.                                )        Case No. 23-3189-JWL
                                          )
C. CARTER, Warden, USP-Leavenworth,[1]    )
                                          )
                    Respondent.           )
                                          )
_____  )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  By Memorandum and Order of February 5, 2024, the Court denied the claim in the petition relating to First Step Act credits.  *See Daniel v. Hudson*, 2024 WL 418628, at *1-2 (D. Kan. Feb. 5, 2024) (Lungstrum, J.).  The Court also noted that petitioner had not established any unlawful deprivation of Good Time Credits (GTCs), the subject of petitioner's second claim, but it allowed petitioner to brief the issue one additional time, by ordering petitioner to show cause why that claim too should not be denied.  *See id.* at *2-3.  Petitioner filed a response addressing the GTC claim, and respondent filed a supplemental answer, but petitioner did not file any traverse or reply brief addressing the claim by the Court's deadline of April 22, 2024.  The matter is

---

[1]  The Court has substituted as the proper respondent the new warden at petitioner's place of confinement.

therefore ripe for ruling.  For the reasons set forth below, the Court denies petitioner's claim relating to GTCs; and it therefore **denies** the petition in its entirety.

In his petition, petitioner alleged in conclusory fashion that he had been deprived of 921 days of good time credit that he has earned, in which credit he asserted a liberty interest.  In his reply briefs, petitioner claimed that the number of days had increased to 1,035.  As the Court noted in its prior order, however, petitioner did not provide any details or explain how any such deprivation occurred.  In his response to the Court's show-cause order, petitioner stated that he was aware of the policy that allows the Bureau of Prisons (BOP) to take 54 non-vested GTCs per year for disciplinary reasons, but he argued that he has a liberty interest in keeping earned GTCs that has been infringed, while suggesting that those earned credits have vested.[2]

18 U.S.C. § 3624 provides that a prisoner may receive up to 54 days of credit toward the service of the prisoner's sentence (GTCs) for each year of imprisonment, subject to determination by the BOP that the prisoner has "displayed exemplary compliance with institutional disciplinary regulations."  *See id.* § 3624(b)(1).  If the prisoner "has not satisfactorily complied with such institutional regulations, prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate."  *See id.*  In making that determination, the BOP is required to consider whether the prisoner is making satisfactory progress toward earning a high school diploma or equivalency degree (GED).  *See id.*  Awarded GTCs do not vest

---

[2]   Petitioner also accused the Court of "abetting the skim" perpetrated by respondent's government counsel.

until the date of the prisoner's release from custody.  *See id.* § 3624(b)(2).  Pursuant to regulations and policy promulgated under this statute, the BOP caps at 42 the GTCs a prisoner may earn in a year without satisfactory progress toward a high school GED; and in the event of disciplinary violations, the BOP either withholds GTCs for that year or forfeits GTCs awarded to the prisoner for prior years.

In her own response concerning this claim, respondent has explained in detail (with supporting evidence) how petitioner has earned and lost GTCs throughout the time of his imprisonment.  At a rate of 54 GTCs per year (the statutory maximum), petitioner could have been awarded a total of 648 GTCs thus far (for 12 years) – far less than the number of GTCs of which petitioner claims to have been deprived.  In some years, petitioner's GTCs have been capped at 42 because he was not making satisfactory progress toward a GED.  In addition, petitioner has committed 11 acts of misconduct, with nine acts resulting in the loss of GTCs.  In total, petitioner has earned 310 non-vested GTCs, and at present petitioner could earn a maximum total of 611 GTCs by the time his sentence ends.  In his petition and subsequent briefs, petitioner failed to address or dispute any particular instances in which the BOP withheld or forfeited GTCs.  Nor has petitioner filed a reply to take issue with any particular aspect of this calculation of GTCs detailed by respondent. The Court thus finds that the BOP has correctly calculated petitioner's GTCs to date pursuant to the applicable statute and the BOP's regulations and policies.

Petitioner appears to claim in his filings that he has been deprived of GTCs that vested.  As noted, however, the applicable statute provides that awarded GTCs do not vest until the date of the prisoner's release.  *See* 18 U.S.C. § 3624(b)(2); *see also Terrell v. True*,

2023 WL 2638218, at *2 n.3 (10th Cir. Mar. 27, 2023) (unpub. op.) (prisoner's assertion that GTCs had "vested" was contrary to the plain language of Section 3624(b)(2)); *Brown v. Hudson*, 2021 WL 843236, at *1 (D. Kan. Mar. 5, 2021) (Lungstrum, J.) (citing the vesting provision of the statute in noting that GTCs may be forfeited or disallowed until the date of release).

Petitioner has also referred to his "liberty interest" in his earned GTCs.  It is true that a prisoner's liberty interest in earned GTCs may not be denied without a certain level of due process, including notice of the disciplinary charges, an opportunity to provide a defense, and a written decision.  *See Howard v. United States Bur. of Prisons*, 487 F.3d 808, 811-12 (10th Cir. 2007) (citing authority).  In this case, however, petitioner has not identified any particular disciplinary proceeding resulting in a loss of GTCs at which he was not afforded the required level of due process.  Accordingly, petitioner has not established any unlawful deprivation concerning his GTCs, and the Court therefore denies any such claim by petitioner.  The petition is thus denied in its entirety.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for a writ of habeas corpus is hereby **denied** in its entirety.

IT IS SO ORDERED.

Dated this 6th day of May, 2024, in Kansas City, Kansas.

 /s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4